**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARTIN ROY ROMERO,

Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

Respondent-Appellee.

Nos. 07-6083; 07-6097; 07-6133

(D.C. No. CV-05-1142-H)
(W. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

Martin Roy Romero (a/k/a Aurelio Romero), an Oklahoma prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2254 petition for federal habeas relief. Because Romero has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

In January 2004, Romero was convicted in the District Court of Stephens County, Oklahoma, Case No. CF-1999-427, of conspiracy to traffic in methamphetamine (Count

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

One), trafficking in methamphetamine (Count Two), and using a minor to distribute methamphetamine (Count Three). Romero was sentenced to ten years' imprisonment on Count One, fifteen years' imprisonment on Count Two, and twenty years' imprisonment on Count Three, with the sentences to run consecutively. Romero appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA), arguing that (1) prosecutorial misconduct, in the form of improperly questioning a witness and making improper statements during closing argument, deprived him of a fair trial, (2) his convictions on Counts One and Two violated constitutional and statutory protections against double punishment and double jeopardy, (3) there was insufficient evidence to support his conspiracy conviction, and (4) his convictions on Counts Two and Three arose from a single sale of methamphetamine and thus violated the prohibition against double jeopardy and double punishment. The OCCA agreed that Romero's conviction for trafficking in methamphetamine (Count Two) violated Oklahoma's prohibition against double punishment, and thus reversed and remanded that conviction with instructions to dismiss. The OCCA affirmed the remaining two convictions and sentences.

Romero filed a federal habeas petition on September 29, 2005, asserting the same four arguments that he raised on direct appeal. The magistrate judge assigned to Romero's case issued a report and recommendation on November 22, 2006, recommending that the petition be denied. In doing so, the magistrate judge concluded that Romero's two double jeopardy arguments were moot because his conviction for

trafficking in methamphetamine had been reversed on direct appeal. With respect to Romero's prosecutorial misconduct and insufficiency of the evidence claims, the magistrate judge concluded that the OCCA's resolution of these two claims was neither contrary to, nor an unreasonable application of, clearly established federal law.

On April 9, 2007, the district court adopted the report and recommendation, denied Romero's habeas petition, and entered judgment against Romero. Romero filed a notice of appeal (No. 07-6083) from the district court's judgment. On April 18, 2007, the district court denied Romero's request for COA, and Romero filed a separate notice of appeal (No. 07-6097) from that order. On May 2, 2007, the district court denied Romero's request to proceed on appeal in forma pauperis, and Romero filed a separate notice of appeal (No. 07-6133) from that order as well.

Romero has now renewed his request for a COA with this court. Romero has also filed a motion to proceed in forma pauperis on appeal.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

It cannot seriously be disputed that the magistrate judge and district court in this case properly disposed of Romero's double jeopardy claims. As the magistrate judge noted, those claims were rendered moot by the OCCA's dismissal of Romero's methamphetamine trafficking conviction. We therefore readily conclude that Romero is not entitled to a COA with respect to those claims.

Turning to Romero's prosecutorial misconduct claim, we note that the magistrate judge properly identified the controlling Supreme Court precedent, see Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (holding that where no specific Bill of Rights guarantees are implicated, prosecutorial misconduct must have so infected the trial with unfairness as to make the resulting conviction a denial of due process), and carefully applied that standard to the two instances of prosecutorial misconduct alleged by Romero. In doing so, the magistrate judge concluded that the prosecutor did not improperly appeal to societal alarm (1) when, during the prosecution's case-in-chief, he asked a law enforcement officer about the amount of drugs purchased from Romero as compared to the population of the county in which the crime occurred, or (2) by stating, during closing arguments, that methamphetamine was a "plague on the streets of Duncan, Oklahoma," referring to Romero's use of "a child to do this plague," and referring to the significance of the quantity of methamphetamine in relation to the county's population. In turn, the

magistrate judge concluded that the OCCA's rejection of these same claims was neither contrary to, nor an unreasonable application of, Donnelly.[1] After conducting our own review of the record, we conclude that no reasonable jurist "could debate whether (or, for that matter, agree that)" Romero's claims of prosecutorial misconduct "should have been resolved in a different manner or that [they] were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted).

That leaves only Romero's insufficiency of the evidence claim. In reviewing this claim, the magistrate judge carefully detailed the evidence presented at trial and concluded "there was more than sufficient evidence . . . from which a reasonable jury could have found [Romero] guilty of the conspiracy to traffic methamphetamine beyond a reasonable doubt." ROA, Doc. 20 at 15. In turn, the magistrate judge concluded that the OCCA's rejection of this identical claim was not contrary to, or an unreasonable application of, clearly established federal law. Id. (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We again conclude, after reviewing the record, that no reasonable jurist "could debate whether (or, for that matter, agree that)" this claim "should have been resolved in a different manner or" was "adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted). In reaching this conclusion, we note that Romero, in his appellate brief, does not seriously dispute any of

---

[1] The OCCA concluded, in disposing of Romero's direct appeal, that (1) "the evidence comparing the quantity of dosage units of methamphetamine to the population of Stephens County was relevant for the jury's understanding of a trafficking amount of methamphetamine," ROA, Doc. 11, Exh. C at 2, and (2) the prosecutor's closing arguments "fell within the wide range of proper argument," Id. at 2-3.

the detailed evidence cited by the magistrate judge that supports his conspiracy conviction.

The motion for leave to proceed on appeal in forma pauperis and the request for a COA are DENIED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge